IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAN LEE BREWER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0094 |
| | § | |
| LAWANDA HIGHTOWER, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Van Lee Brewer, a state inmate proceeding *pro se,* filed this section 1983 lawsuit against Texas Department of Criminal Justice officers and/or employees Lawanda Hightower, Jeremy T. Raymond, Brad Livingston, Tona R. Butler, and Lindsey J. Brown for alleged violations of his civil rights. Defendants filed a motion for summary judgment (Docket Entry No. 28), to which plaintiff filed a response and cross-motion for summary judgment (Docket Entry No. 30). Defendants filed a response to the cross-motion (Docket Entry No. 35).

Based on consideration of the pleadings, the motions and responses, the record, and the applicable law, the Court **GRANTS** defendants' motion for summary judgment, **DENIES** plaintiff's motion for summary judgment, and **DISMISSES** this case for the reasons that follow.

## I. CLAIMS FOR RELIEF

Plaintiff complains that prison officials lost his personal property during a prison transfer, and that the prison property redress and settlement policy is unconstitutional in its inability to compensate him adequately for his lost property. Plaintiff raises additional claims for retaliation and denial of procedural due process, and seeks nominal, compensatory, and punitive damages.

Defendants argue that plaintiff has failed to establish any constitutional violations. In the alternative, they assert as defenses qualified immunity, Eleventh Amendment immunity, and failure to exhaust.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000).

### III. ELEVENTH AMENDMENT IMMUNITY

To the extent plaintiff seeks monetary damages against one or more defendants in their official capacity, such claims are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Defendants are entitled to summary judgment dismissal of plaintiff's claims for monetary damages against them in their official capacity.

### IV. FAILURE TO EXHAUST

Plaintiff complains that, on July 17, 2012, he was ordered to complete extra writing assignments in his prison sexual offender treatment program ("SOTP") in retaliation for voicing his dissatisfaction with the class, its instructors, and prison officials. He names Raymond, Butler, and Brown as defendants for these particular claims. Defendants argue that plaintiff did not exhaust the step 1 and step 2 prison grievance procedures for this claim, and that the claim must be dismissed for failure to exhaust.

Prisoners are required to exhaust their administrative remedies before filing a section 1983 lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Specifically, a prisoner must file a step 1 grievance within 15 days of the alleged incident and a step 2 grievance within 15 days of receiving a response to his step 1 grievance. *Id.*

Plaintiff claims that he filed two step 1 grievances on July 19, 2012, complaining of retaliation, but that prison officials ignored or lost them. Prison records submitted by

3

defendants in support of their motion for summary judgment show six grievances filed by plaintiff between July 10, 2012, and December 10, 2012, but none filed on July 19, 2012. (Docket Entry No. 28, Exhibit A.)

Nevertheless, even assuming proper exhaustion, plaintiff fails to meet his burden of establishing a retaliatory act sufficient to constitute an actionable claim for retaliation. "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). The alleged retaliatory act – having plaintiff complete an extra classroom assignment – does not rise to the level of an actionable retaliatory act under *Morris*, regardless of defendant's motive or intent. *See, e.g., Smith v. Hebert*, 533 F. App'x 479 (5th Cir. 2013) (finding that a prisoner's transfer to a different prison unit, without evidence that the new unit was more dangerous, did not constitute a retaliatory act, even if retaliatory motive or intent were shown).

Defendants are entitled to summary judgment dismissal of plaintiff's retaliation claim as to the extra class assignment.

## V. CLAIMS FOR RETALIATION

Plaintiff claims that defendants Raymond, Butler, and Brown retaliated against him for the "assertive responses" he gave them. Underlying plaintiff's claim is his argument that an inmate's "assertive responses" are constitutionally protected free speech under the First Amendment, even within the confines of a prison environment.

Plaintiff alleges in his complaint that, during his SOTP class on August 2, 2012, he spoke aloud to the inmate sitting behind him and asked him whether he had any questions for him. (Docket Entry No. 1, p. 15.) Defendant Raymond, who was instructing the class, ordered plaintiff to leave. Plaintiff refused, and Raymond repeated his order for plaintiff to leave. Another inmate in the class also suggested that plaintiff "go ahead and leave." (Docket Entry No. 28, Exhibit B, p. 48.) At that point, plaintiff left the classroom. *Id.* Shortly thereafter, Raymond charged plaintiff with a disciplinary infraction for not abiding by classroom communication and behavior rules set out in his behavioral contract for participation in the class. Plaintiff claims that the disciplinary action constituted retaliation for his "assertive responses" made during class and in a homework assignment.

A prisoner alleging retaliation must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Here, plaintiff must present probative summary judgment evidence proving that he was exercising a constitutionally protected right, and that Raymond filed the disciplinary charge solely in retaliation for plaintiff's exercise of that constitutional right. Plaintiff fails on both accounts. The probative summary judgment evidence clearly shows that plaintiff disrupted his class meeting, and breached classroom communication rules, by talking aloud during class to another inmate, and was twice asked to leave by the instructor. Plaintiff admitted that, during the incident, another inmate also asked plaintiff to leave the class.

5

(Docket Entry No. 28, Exhibit B, p. 48.) The disciplinary charge for the incident followed shortly thereafter. Plaintiff's assertion that the disciplinary charge was filed solely for the purposes of retaliation is a conclusory allegation unsupported by probative summary judgment evidence, and is insufficient to raise a material fact issue precluding summary judgment. For purposes of plaintiff's own cross-motion, his conclusory allegation is insufficient to establish his entitlement to summary judgment as a matter of law.

Moreover, plaintiff fails to establish that he had a constitutionally protected right to speak aloud to another inmate during the class, thereby disturbing the class. Plaintiff's self-described "assertive response" to a question from the defendant instructor asking him to contribute in a group discussion was to retort that he did not have any questions for the instructor. (Docket Entry No. 1, p. 14). His "assertive response" to the instruction that he should leave if he did not want to participate in the group discussion was to turn to another offender and ask him if he had any questions for plaintiff. *Id.*, p. 15. Plaintiff claims that he had a constitutional right to make "assertive responses" during the class and in homework assignments, despite the class's behavioral contract (which was signed by plaintiff) that prohibited all comments during class except for "constructive feedback." (Docket Entry No. 28, Exhibit B, p. 54.)

It is well established that a prisoner retains certain First Amendment rights notwithstanding his incarceration. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Nevertheless, "lawful incarceration brings about the necessary withdrawal or limitation of

6

many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish*, 441 U.S. 520, 545–46 (1979). In the First Amendment context, a prisoner retains only those rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell*, 417 U.S. at 822. It is generally recognized that security, order, and rehabilitation are legitimate penological objectives. *Procunier v. Martinez*, 416 U.S. 396, 413–14 (1974). The summary judgment evidence shows that plaintiff signed the behavioral contract for participation in the class, agreeing to limit his classroom communications to those allowed by the rules. Plaintiff cannot successfully contend that his First Amendment rights were unlawfully curtailed, given the fact that he agreed in writing to limit his own communications during class in exchange for being allowed to participate in the class. Similarly, he cannot complain that defendants refused to accept answers he gave on therapy assignments that did not meet their criteria for demonstrating a required level of learning or proficiency.

Moreover, plaintiff fails to present probative summary judgment of a retaliatory motive and causation; that is, he fails to show that, but for a retaliatory motive, the complained of action would not have occurred. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To the contrary, the record in this case shows that defendants were enforcing one or more prison regulations or program rules, as well as plaintiff's behavioral contract, regarding participation in the class and appropriate communication and behavior regarding that class. Plaintiff's allegations that defendants acted in retaliation are conclusory

7

and do not permit a plausible inference of a retaliatory motive on the part of any defendant. *See Jones v. Groningen*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff also appears to contend that defendants "got his parole revoked" in retaliation for his complaints and grievances, and for having his wife complain to prison officials regarding plaintiff's purportedly unfair treatment. The record shows that, in order to be released to parole, plaintiff had to complete the SOTP classes because he was a sex offender. Plaintiff states that, due to being asked to leave the class, he was unable to complete the SOTP and did not meet the requirements for release to parole. Stated succinctly, plaintiff argues that, but for defendant's retaliatory motive, he would have completed the SOTP classes for release to parole.

As already shown, plaintiff's allegations that defendants acted in retaliation are conclusory and do not permit a plausible inference of a retaliatory motive on the part of any defendant. Further, defendants did not cause plaintiff's parole to be revoked, as plaintiff had not been released to parole. Rather, the record as a whole shows that plaintiff was not released to parole because he did not successfully complete the required SOTP classes, and that his lack of success was due to his failures to abide by the behavioral contract, program rules, and class requirements, and his inability to demonstrate the requisite level of learning and proficiency. Plaintiff's self-serving statements claiming that defendants acted with

retaliatory motives do not constitute probative summary judgment evidence for purposes of a summary judgment proceeding.[1] *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Defendants are entitled to summary judgment dismissal of plaintiff's retaliation claims.

## VI. PROPERTY AND DUE PROCESS CLAIMS

It is clear from the record that prison officials lost plaintiff's personal property during his transfer to another prison unit, and plaintiff presents no probative summary judgment evidence that the loss was anything other than random negligence. Further, it is undisputed that prison officials offered plaintiff a monetary settlement for the loss and that plaintiff rejected the settlement. Plaintiff does not argue or show that he subsequently pursued a state law claim for the property loss.

To the extent plaintiff has suffered a monetary loss from the loss of his property, he fails to state a constitutional due process violation. An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under section 1983, regardless of whether the deprivation is negligent or intentional. *See Hudson v.*

---

[1] The Court notes that the affidavit of plaintiff's wife (Docket Entry No. 30, Affidavit of Sheila Ann Brewer) affords plaintiff no basis for relief. Substantially all of the affidavit testimony is comprised of inadmissible hearsay recounting what plaintiff told her. Several other assertions are conclusory allegations that do not rise to the level of probative summary judgment evidence. The remaining factual assertions set forth by the affiant that are not hearsay or conclusory concern her telephone conversations with prison officials; these assertions neither prove plaintiff's entitlement to judgment as a matter of law nor raise an issue of material fact precluding the granting of summary judgment against him.

9

*Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Under the *Parratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under section 1983 only after those remedies are denied on grounds other than the merits of the claim. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The burden is on the plaintiff to show that the post-deprivation remedy is inadequate. *Myers v. Klevenhagan*, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In addition, state law specifically provides that an inmate may recover up to $500.00 on a claim that the prison system lost or damaged the inmate's personal property. TEX. GOV'T CODE § 501.007. Because Texas law provides a post-deprivation remedy, plaintiff's property loss does not constitute a violation of procedural due process requirements under the *Parratt–Hudson* doctrine. Moreover, because plaintiff has not argued or provided evidence to show that he has filed suit in state court to recover damages for his lost property, he is precluded from bringing suit in federal court to recover for the loss. Accordingly, plaintiff's procedural due process claims must be dismissed.

Plaintiff also challenges the constitutionality of Texas Department of Criminal Justice's Administrative Directive 03.72 ("AD 03.72"), which governs reimbursement for

prisoner property losses. Under AD 03.72, prisoners may be reimbursed up to $50.00 for each lost or destroyed property item, with a total maximum recovery of $500.00 per claim. Plaintiff argues that his property loss was $700.00, but that the $50.00 per item limitation precluded prison officials' offering him an adequate settlement. He rejected the settlement offer because he found it "unfair and not equitable." Plaintiff claims that AD 03.72 is unconstitutional in its denial of his rights to due process and should be set aside, thus allowing prison officials to offer him a higher settlement.

Plaintiff's argument, insofar as it applies to the property loss made the basis of this lawsuit, is flawed and affords him no factual or legal basis for relief. He calculates his property loss at $700.00. Thus, even in absence of the $500.00 limitation appearing in AD 03.72, state law would still cap his recovery at $500.00. TEX. GOV'T CODE § 501.007. To the extent plaintiff argues that the $50.00 per item limitation of AD 03.72 denied him due process regarding his property rights, his claim is again barred under the *Parratt/Hudson* doctrine. *See Sossamon v. Williams*, 270 F. App'x 323, 325 (5th Cir. 2008); *see also McClure v. Turner*, 481 F. App'x 167, 172 (5th Cir. 2012). Moreover, plaintiff does not, and cannot, show that prison officials would have increased plaintiff's settlement offer in absence of the $50.00 per item limitation, and his conclusory and speculative claims to the contrary do not rise to the level of competent summary judgment evidence.

Defendants are entitled to summary judgment dismissal of plaintiff's claims challenging AD 03.72.

## VII. CONCLUSION

Defendants' motion for summary judgment (Docket Entry No. 28) is **GRANTED**, plaintiff's cross-motion for summary judgment (Docket Entry No. 30) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 10th day of July, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE